UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MALASKY,<br>　　　Plaintiff,<br>　v.<br>ROBERT A. JULIAN, et al.,<br>　　　Defendants. | Case No. 16-cv-04102-DMR<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OR RECUSAL**<br>Re: Dkt. No. 38 |

Pro se Plaintiff Henry Malasky filed a motion to disqualify and/or recuse the undersigned. [Docket No. 38.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

## I.　FACTUAL AND PROCEDURAL BACKGROUND

In this case, pro se Plaintiff Henry Malasky sues his ex-wife, Sandra Esposito; his two adult sons, Martin Malasky and Garrett Malasky; and two attorneys, Basil Plastiras and Robert A. Julian, who represented his ex-wife and sons in connection with prior legal disputes with Plaintiff.

In November 2016, Defendants Plastiras and Julian separately moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's amended complaint ("FAC"). [Docket Nos. 13 (Plastiras's Mot.), 14 (Julian's Mot.).] Following a hearing, the court granted the motions in part and dismissed the FAC with prejudice on December 29, 2016. The court also dismissed the FAC without prejudice as to Defendants Esposito, Martin Malasky, and Garrett Malasky for Plaintiff's failure to serve them with the summons and complaint within the 90-day deadline imposed by Federal Rule of Civil Procedure 4(m). [Docket No. 31.]

On March 23, 2018, the United States Court of Appeals for the Ninth Circuit vacated the court's dismissal of the FAC on the ground that not all parties had consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), since not all parties had been

served. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (magistrate judge "jurisdiction cannot vest until the court has received consent from all parties to an action"). [Docket No. 34.] Following the issuance of the Ninth Circuit's mandate, the court issued an order in which it stated its intention to issue its order granting in part the motions to dismiss filed by Defendants Plastiras and Julian as a report and recommendation under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), and granted the parties leave to file a submission by May 24, 2018 setting forth new information bearing on the pending motions to dismiss. [Docket No. 37.]

Malasky then filed the present motion to disqualify or recuse the undersigned. Defendants Esposito, Martin Malasky, and Garrett Malasky subsequently filed waivers of service of the summons and the amended complaint and consented to magistrate judge jurisdiction. [Docket Nos. 41, 42, 43, 55, 56.] Defendants Julian, Martin Malasky, Garrett Malasky, and Basil Plastiras oppose the motion to disqualify or recuse the undersigned. [Docket Nos. 45, 49.] Defendant Esposito did not file a response to the motion.

## II. DISCUSSION

In his motion, Malasky asserts that the undersigned is biased against him and in favor of Defendants "based on extrajudicial sources and/or the deceit and/or fraud of defendants." Mot. ¶ 7. He also contends that the undersigned's impartiality "might reasonably be questioned" because the Ninth Circuit reversed the court's December 2016 decision dismissing the FAC. *Id*. Malasky further asserts that the undersigned did not understand the case, "was misled" by Defendants Julian and/or Plastiras, and made other errors in the December 2016 decision. *See id*. at ¶¶ 8-16. Malasky submitted a declaration with his motion in which he states the following:

> 2. I state that the Magistrate Judge before whom this matter is pending has a personal bias or prejudice either me [sic] and/or in favor of an adverse party.
>
> 3. I do not believe I can get a fair trial before this Magistrate Judge; I believe that prejudice and/or bias exist with this Magistrate Judge; I believe this Magistrate Judge considered extrajudicial sources of information prejudicial to me (and/or was misled by attorneys Julian and/or Plastiras); and/or I believe the statutory recusal sections apply.

Mot. 5 (Malasky Decl., May 15, 2016) ¶¶ 2, 3.

In a subsequent filing, Malasky states that he withdraws his consent to magistrate judge jurisdiction and requests reassignment to an Article III district judge. [Docket No. 54.]

Recusal is the process by which a federal judge may be disqualified from a given case. Two statutes govern motions to recuse federal judges, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." "The judge who is the subject of disqualification . . . makes the initial determination as to the legal sufficiency of the declaration," and "[t]o be legally sufficient, the declaration must be both 'timely' and state 'facts and reasons' establishing the judge's bias." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021 (N.D. Cal. 2001) (citations omitted). Section 455 requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)). In certain limited circumstances, due process may require recusal where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "The judge is presumed to be qualified, and thus there is a substantial burden upon the moving party to show that such is not the case." *Reiffin*, 158 F. Supp. 2d at 1021-22.

Malasky's motion to recuse or disqualify the undersigned is insufficient to show bias or prejudice against Malasky or in favor of Defendants under Section 144, because his allegations of bias are wholly conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). Further, a motion to recuse or disqualify must allege an extrajudicial basis for the alleged bias or prejudice. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge

3

correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). Although Malasky states that he believes the undersigned "considered extrajudicial sources of information prejudicial to [him]," he provides no facts from which one can identify the alleged extrajudicial sources of information to which he refers. *See* Malasky Decl. ¶ 3. While the factual allegations in an affidavit supporting a motion to disqualify must be accepted as true, the affidavit must "set forth the identifying facts of times, places, persons, occasions and circumstances with the particularity that would be reasonably expected in a bill of particulars." *United States v. Zagari*, 419 F. Supp. 494, 500-501 (N.D. Cal. 1976). Malasky's declaration lacks sufficient particularity.

Similarly, Malasky's motion is insufficient to show bias or prejudice under Section 455. It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal). While judicial rulings alone may constitute grounds for appeal, they almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal).

The court also denies Malasky's attempt to withdraw his consent to magistrate jurisdiction. A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc)). A party's entitlement to an Article III adjudicator is "a personal right" and thus ordinarily "subject to waiver," and the Supreme Court recently recognized that it has never held that a litigant who has the right to an Article III court may not waive that right through his consent. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944, 1947 (2015) (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986)). The right to an Article III court in fact can be

waived, allowing parties to consent to trial before a magistrate judge. *Dixon*, 990 F.2d at 479-480; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon*, 990 F.2d at 480 (quotation and citations omitted). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id*.

Here, Malasky filed an express consent to proceed before a magistrate judge. [Docket No. 4.] He now states that he "did consent to a Magistrate Judge's jurisdiction, but now *withdraws* his consent." [Docket No. 54 at 3 (emphasis in original).] Malasky has not shown good cause or presented evidence of extraordinary circumstances for the court to allow him to withdraw his consent to magistrate judge jurisdiction. Therefore, Malasky's purported declination of magistrate judge jurisdiction will be disregarded.

### III. CONCLUSION

For the foregoing reasons, Malasky's motion to disqualify and/or recuse the undersigned is denied.

**IT IS SO ORDERED.**

Dated: September 24, 2018



_____
Donna M. Ryu
United States Magistrate Judge

5