UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY MALASKY,

    Plaintiff,

v.

SANDRA ESPOSITO, et al.,

    Defendants.

Case No. 16-cv-04102-DMR

**ORDER RE: OBJECTION TO ORDER DENYING MOTION TO DISQUALIFY OR RECUSE**

Re: Dkt. No. 60

Pro se Plaintiff Henry Malasky filed a document entitled "Objection Re: Order Denying Motion to Disqualify or Recuse Magistrate Judge Ryu" on October 11, 2018. [Docket No. 60.] Although he does not specify the authority for his objection, Malasky appears to challenge the court's September 24, 2018 order denying his motion for disqualification or recusal of the undersigned (Docket No. 58). The court construes Malasky's objection as a motion for leave to file a motion for reconsideration of the September 24, 2018 order pursuant to Local Rule 7-9(a). *See* Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3).

Malasky does not present newly-emerged evidence in support of his motion nor does he suggest that there has been an intervening change in applicable law. Instead, it appears that Local Rule 7-9(b)(3) governs his motion, because he contends that he based his motion on "at least 6

different federal laws: 28 U.S.C. Secs. 47, 144, 292, 294 and 455; and First, Fifth and Fourteenth Amendments," but the court addressed only 28 U.S.C. §§ 144 and 455 in its order. Mot. 1-2.

Malasky's motion is without merit. As discussed in the court's September 24, 2018 order, 28 U.S.C. § 144 and 28 U.S.C. § 455 govern motions to recuse federal judges. The remaining statutes he cited in his original motion do not provide a basis for disqualification or recusal. 28 U.S.C. § 47 provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." This statute is inapplicable to Malasky's motion to disqualify because the undersigned is not hearing the case on appeal. 28 U.S.C. § 292 is a statute governing the assignment of district judges to other courts, and 28 U.S.C. § 294 governs the assignment of retired justices or judges to active duty. Malasky did not cite any authority to support his claim that the First, Fifth, or Fourteenth Amendments to the United States Constitution provide a basis for recusal and/or disqualification in this case.

Malasky also raises for the first time California Code of Civil Procedure section 170.6(a)(2), which he contends "gives plaintiff an absolute right to disqualify a judge after a reversal due to plaintiff's appeal."[1] Mot. 1. This is improper, for "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (quotation omitted). Moreover, Malasky offers no authority supporting his position that section 170.6 applies in federal court. *See Harms v. Select Portfolio Servicing, Inc.*, No. C 16-01585 CW, 2016 WL 10935055, at *1 (N.D. Cal. Dec. 16, 2016) (holding that section 170.6 does not apply in federal court and construing "motion for peremptory challenge" as a motion for recusal under 28 U.S.C. §§ 144 and 455).

The remainder of Malasky's motion seeking reconsideration rehashes his previous attacks on the court's December 2016 decision dismissing the first amended complaint. As Malasky has not satisfied any of the requirements of Local Rule 7-9(b), the court denies Malasky's motion for

---

[1] Section 170.6(a)(2) sets forth the procedure by which a party or an attorney may move to disqualify a judge based on prejudice against a party or attorney.

2

leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: November 6, 2018

_____
Donna M. Ryu
United States Magistrate Judge



3